# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————————

No. 99-10463
Summary Calendar

—————————

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,

Plaintiff-Appellee,

VERSUS

IRRICON, SHAHID RASUL, and AFSHAN RASUL,

Defendants-Appellants.

—————————————

Appeal from the United States District Court
for the Northern District of Texas
(3:98-CV-1014-BD-X)

—————————————

November 1, 1999

Before JOLLY, SMITH, and BARKSDALE,
    Circuit Judges.

PER CURIAM:[*]

American Bankers Insurance Company of Florida ("American Bankers") issued a payment bond and a performance bond on behalf of an entity known as Irricon for landscaping and irrigation work Irricon was to perform. Shahid and Afshan Rasul signed an indemnity agreement in consideration of the issuance of the bonds.

The agreement gave American Bankers sole discretion to decide whether any claims were to be paid or otherwise disposed of. After Irricon failed to complete the project timely, the entity for which the work was performed made claims that American Bankers decided were valid, so American Bankers paid on the claims and demanded reimbursement from Irricon and the Rasuls. When payment was not tendered, American Bankers sued, and the magistrate judge, sitting by consent, entered summary judgment in favor of American Bankers.

The defendants invite us to expand the established contract law of Texas by reading into it a requirement that surety contracts that give the surety the sole right to determine whether claims against the surety should be paid nevertheless require that the surety make a reasonable investigation of the events leading to the demand before paying the claim. We need not address that issue of law, however, because the defendants responded with nothing but a general denial to American Bankers's general averment that all conditions precedent to the debt had been met.

To raise properly their contention that American Bankers was required to, and had failed to, perform a "reasonable investigation," defendants needed to have denied that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supposed condition with particularity.[1] Because they failed to deny with specificity the occurrence of the supposed condition precedent of "reasonable investigation," the issue was not properly raised in the district court,[2] so we will not consider it.[3]

As for defendants' claim that the magistrate judge relied on "federal common law" rather than the law of Texas, the fact that the magistrate judge did not cite Texas law does not indicate that he failed to follow it, and the fact that he noted that American Bankers had conducted an independent investigation does not indicate that he understood the claim to be valid solely (or at all) because it had conducted such an investigation. This issue of federal common law simply does not arise in this case.

AFFIRMED.

---

[1] *See* FED. R. CIV. P. 9(c) ("In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."). Defendants could have made this particularized denial in their answer or their response to the motion for summary judgment, provided it was "accompanied by affidavits and other supporting documents evidencing nonperformance or nonoccurrence." *See* 2 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 9.04[3] (3d ed. 1999). Although defendants did aver in their response to the motion for summary judgment that "[h]ad [American Bankers] conducted a sufficient investigation, it would have determined that" the debt was not owed, the defendants failed to provide evidentiary support for the contention that the investigation was either insufficient or unreasonable. Even absent any deficiency in the answer to the complaint, the response to the motion would have been inadequate to defeat summary judgment.

[2] *See Trinity Carton Co. v. Falstaff Brewing Corp.*, 767 F.2d 184, 192 (5th Cir. 1985).

[3] *See Wiley v. Offshore Painting Contractors, Inc.,* 711 F.2d 602, 609 (5th Cir. 1983); *Guerra v. Manchester Terminal Corp.*, 498 F.2d 641 (5th Cir. 1974).